| | |
|---|---|
| 1 | Terry B. Bates (SBN 115420) |
| 2 | tbates@reedsmith.com<br>Nabil A. Bisharat (SBN 270305) |
| 3 | nbisharat@reedsmith.com<br>REED SMITH LLP |
| 4 | 355 South Grand Avenue, Suite 2900 |
| 5 | Los Angeles, CA 90071 |
| 6 | Telephone: 213.457.8000<br>Facsimile: 213.457.8080 |
| 7 | |
| 8 | Attorneys for Defendant<br>SMB SCHWEDE MASCHINEBAU |
| 9 | GmbH |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TANIA WAFER, | Case No. 14-cv-7879 |
|---|---|
| Plaintiff, | [Removal from the Superior Court of California, County of Los Angeles, Case No. BC538251] |
| vs. | |
| DYNARIC, INC. (a corporation); SMB SCHWEDE MASCHINEBAU GmbH; ED GONZALEZ; and DOES 1 through 100, Inclusive, | **DEFENDANT SMB SCHWEDE MASCHINEBAU GMBH'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)** |
| Defendants. | First Amended Complaint Filed: August 6, 2014 |
| | [Filed concurrently with:<br>1. Civil Cover Sheet;<br>2. Notice of Non-Opposition and Consent to Removal of Defendant Dynaric, Inc.;<br>3. Declaration of Ed Gonzales;<br>4. Certification of Interested Parties;<br>5. Corporate Disclosure Statement; and<br>6. Demand for Jury Trial] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant SMB SCHWEDE MASCHINEBAU GmbH ("Schwede") hereby removes this action from the Superior Court of the State of California, Los Angeles, to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice of Removal, Schwede states as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. On or about April 2, 2014 Plaintiff commenced this action in the Superior Court of the State of California for the County of Los Angeles, entitled *Wafer v. Dyanric Inc, et al.*, Case No. BC538251. Plaintiff's Complaint was not served on Schwede because it had not been named as a defendant. Defendant Dynaric, Inc. ("Dynaric") was served and filed their Answer to the Complaint on April 28, 2014.

2. As of today's date, service has not been effectuated on Defendant Ed Gonzales ("Gonzales") (*See Declaration of Ed Gonzales ("Gonzales Decl.") at¶ 2*.

3. On or about August 6, 2014, Plaintiff filed her First Amended Complaint ("FAC"). The FAC substituted Schwede in for one of the Doe defendants.

4. On September 10, 2014, counsel for Schwede agreed to accept service of the FAC and summons on behalf of Schwede via email. As such, service was effectuated on Schwede on that date. Scwhede then filed its Answer to the FAC on October 9, 2014.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders as acquired by Schwede are attached hereto as Exhibit 1.

6. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and summons. Schwede was not served until it accepted service of the FAC via email agreement of its counsel on September 10,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2014. Thus, Schwede's last day to remove did not begin to run until September 10, 2014, and since Schwede is filing this Notice on October 10, 2014, removal is timely.

7. Dynaric has consented to this Removal pursuant to the Notice of Non-Opposition and Consent to Removal, which is filed concurrently herewith.

8. Defendant Gonzales's consent to this removal is not required because he has not been served. *See Destfino v. Reiswig*, 630 F. 3d 952, 955 (codefendants not properly served need not join in removal). Furthermore, as explained below, Gonzales has been fraudulently joined, and thus can be disregarded for purposes of removal. *Morris v. Princess Cruises, Inc.*, 236 F. 3d 1061, 1067 (9th Cir. 2001).

9. No previous request has been made for the relief requested herein.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a), because the United States District Court for the Central District of California is the federal judicial district embracing the Superior Court of California, County of Los Angeles where this action was originally filed.

11. Concurrent with the filing of this Notice, Schwede is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Superior Court of California, County of Los Angeles.

12. By filing a Notice of Removal in this matter, Schwede does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and they specifically reserve the right to assert any defenses and/or objections to which they may be entitled.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *Lee v. Am. Nat'l Ins. Co.,* 260 F.3d 997, 1004 (9th Cir. 2001). Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A.   The Amount In Controversy Requirement Is Satisfied**

14.   Schwede filed this Notice of Removal in good faith and on a reasonable basis in law and in fact that the requisite amount in controversy is being sought in this action.  Where, as here, Plaintiff fails to allege a specific amount of damages in the Complaint, the District Court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc*., 319 F.3d 672, 675 (5th Cir. 2003).  When the plaintiff does not expressly seek damages in excess of the jurisdictional minimum, the defendant bears the burden of demonstrating that "it is more likely than not" that the plaintiff's claims meet the federal amount-in-controversy requirement.  *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993) (citation omitted), *overturned on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010); *see also Williams v. Best Buy Co*., 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). In determining whether the jurisdictional amount has been satisfied, the amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir.1993)).

15.   Here, the allegations in Plaintiff's FAC demonstrate that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.  The Complaint asserts that Plaintiff underwent surgical procedures to ameliorate the alleged injury to her hand, and Plaintiff further alleged physical, mental, and emotional damages allegedly stemming from the use of the product at issue in this case.

16.   The FAC therefore seeks general and specific damages, economic and

1  non-economic damages, punitive and exemplary damages, pre-judgment and post-
2  judgment interest, costs of the suit and any other relief the court deems just and
3  proper.  *See Prayer for Relief.*

4        17.    Furthermore, although not attached to the operative First Amended
5  Complaint, counsel for Plaintiff filed a "Statement of Damages" with her original
6  Complaint, which included (1) pain, suffering, and inconvenience damages in the
7  amount of $1,00,000; (2) emotional distress damages in the amount of $1,000,000; (3)
8  medical expenses in the amount of $97,000; (4) future medical expenses in the amount
9  of $250,000; (5) loss of earnings in the amount of $100,000; and (6) loss of future
10 earning capacity in the amount of $250,000.  *See Statement of Damages*, attached to
11 Plaintiff's original Complaint as provided in Exhibit A to this Notice of Removal.

12       18.    Plaintiffs' allegations of injury are similar to others that have been found
13 to satisfy the amount in controversy requirement.  For example, in *Gebbia v. Wal-*
14 *Mart Stores,* 233 F.3d 880, 881 (5th Cir. 2000), the Fifth Circuit found that alleged
15 damages in a slip and fall case for "medical expenses, physical pain and suffering,
16 mental anguish and suffering, loss of enjoyment of life, loss of wages and earning
17 capacity, and permanent disability and disfigurement" satisfied the jurisdictional
18 amount.  *See also Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999)
19 (finding that alleged damages to property, travel expenses, emergency ambulance trip,
20 6-day hospitalization, pain and suffering, humiliation, and an inability to do
21 housework satisfied the jurisdictional amount); *Mendoza v. American Airlines, Inc.*,
22 Case No. 10-7617 RSWL , 2010 WL 5376375, 3 (C.D. Cal. Dec. 22, 2010)
23 (allegations of loss of income, lost benefits and the ongoing emotional and mental
24 distress, punitive damages and attorney's fees sufficient to establish amount in
25 controversy).  It is also well established that punitive damages are included in
26 determining the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946
27 (9th Cir. 2001); *Hayes v. Equitable Energy Resources Co*., 266 F.3d 560, 572 (6th Cir.
28 2001).  Thus, the jurisdictional amount in controversy requirement under § 1332(a) is

satisfied.

## B. There Is Complete Diversity Of Citizenship Between All Properly Joined Parties

19. There is complete diversity between the properly joined parties to this action.

20. Although the FAC does not provide Plaintiff's place of residence, her injuries arise during the scope of her employment at RR Donnelly, Inc., at 19681 Pacific Gateway Drive, in Torrance, California. *FAC ¶ 7.* On information and belief, Schwede maintains that Plaintiff is at all relevant times a resident of that State of California.

21. As Plaintiff alleges (*Id. ¶ 3*), Defendant Dynaric, Inc. is a Delaware corporation which maintains its manufacturing facilities in Virginia. *See* 28 U.S.C. § 1332(c)(1). Thus, Dynaric is a citizen of Delaware. *See* 28 U.S.C. § 1332(c)(1).

22. Plaintiffs also allege (*FAC ¶ 4*) that Defendant Schwede is a corporation organized or incorporated in Germany which maintains its manufacturing facilities and principle place of business in Germany. Thus, Schwede is a German corporation that does not maintain citizenship in any one State in the United States. *See* 28 U.S.C. § 1332(c)(1).

23. Defendant Gonzales is named as a defendant in this action and is alleged to be a citizen of the State of California. (*FAC, ¶ 6*). Plaintiff alleges this defendant "sold, serviced, leased, retailed, distributed, or otherwise placed in the stream of commerce" the product at issue in this matter. *Id* As discussed below, the citizenship of this defendant must be ignored for purposes of establishing diversity because he is fraudulently joined.

24. Finally, upon information and belief, none of the remaining DOE defendants have been substituted with any named defendants or been served with process in the state court action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a);

- 5 -
DEFENDANT SMB SCHWEDE MASCHINEBAU GMBH'S
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)

*accord Soliman v. Phillip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002); *McCabe*, 811 F.2d at 1339. Therefore, the citizenship of DOES 1 through 100 should be disregarded for purposes of diversity

26. Complete diversity exists among the properly joined parties, and no defendant that is a citizen of the State of California has been properly joined and served to this action. 28 U.S.C. § 1441(b)(2). Removal based on the diversity of citizenship is therefore proper.

**C.  California Defendant Ed Gonzales Is Fraudulently Joined**

26. As the Ninth Circuit has explained, "[f]raudulent joinder is a term of art." *McCabe,* 811 F.2d at 1339. A defendant is fraudulently joined and its presence in the lawsuit is ignored for purposes of determining diversity "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *citing McCabe*, 811 F.2d at 1339. Further, the defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id.* To that end, courts may consider the allegations in the complaint and the facts presented by the defendant in its notice of removal, including affidavits or other evidence on the issue of whether a particular defendant's joinder is fraudulent. *See Ritchey,* 139 F.3d at 1318; *West America Corp. v. Vaughan-Bassett Furniture Co., Inc.*, 765 F.2d 932, 936 n. 6 (9th Cir. 1985).

27. As set forth below, the FAC fails to allege any facts sufficient to impose any liability on Gonzales. The FAC, instead, makes clear that this is a product liability action, and by Plaintiff's own allegations (or the lack thereof), Gonzales is fraudulently joined. Moreover, the analysis of the facts and applicable legal authority confirms that there is no basis for Plaintiff's claims against Gonzales. In fact, Plaintiff's own inaction indicates that he is in fact fraudulently joined: as of today's date, Plaintiff still has not served Gonzales with process, nor is he aware of any attempt to do so. *See Gonzales Decl., ¶ 2.*

### (a) The Presence of a Fraudulently Joined Defendant Should Be Ignored for Purposes of Establishing Diversity

28.     Where a defendant is found to be fraudulently joined, his citizenship must be ignored for the purpose of establishing diversity. *See McCabe*, 811 F.2d at 1339; *accord Ritchey*, 139 F.3d at 1318 ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds.") (citations omitted); *United Computer Sys.*, 298 F.3d at 762 (A defendant's presence in the lawsuit is ignored for purposes of determining diversity where there is an obvious failure to state a cause of action against the resident defendant.)  This principle is routinely applied in the product liability context where plaintiffs name fraudulently joined defendants to defeat removal jurisdiction. *See, e.g., Altman v. HO Sports Co., Inc.*, 2009 WL 2590425, *3 (E.D. Cal. Aug. 20, 2009) (finding removal proper and holding that the plaintiff failed to state a claim for strict products liability against a defendant sales representative because the sales representative "does not fit into the category of defendants that are held liable for products liability, rather he is simply a salesman in the employ of [the defendant-manufacturer]") (citing *Soule v. GM Corp.*, 8 Cal. 4th 548, 560 (1994) and *Arriaga v. CitiCapital Commercial Corp.*, 167 Cal. App. 4th 1527, 1535 (2008));  *Burns, et al., v. Medtronic, Inc. et al.*, 2013 WL 5596122, *1-2 (C.D. Cal. Oct. 8, 2013) (finding the alleged inventor and promoter of the medical device at issue in a product liability lawsuit was fraudulently joined).

### (b) Plaintiff Fails to Plead Sufficient Facts to Meet Her Initial Pleading Burden Under *Twombly* Regarding Gonzales

29.     The United States Supreme Court has made clear that when filing a complaint, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1995, 1964-65, 550 U.S. 544, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 77 U.S.L.W. 4387, 173 L.Ed.2d 868 (2009) (holding that "threadbare recitals of a cause of action's elements supported by mere conclusory statements" is insufficient and

extending *Twombly*'s holding to contexts outside of anti-trust).

30. Here, Gonzales is fraudulently joined because Plaintiff has failed to make any material allegations against him. *See, e.g., Brown v. Allstate Insur.,* 17 F. Supp. 2d 1134, 1137, (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made"). In fact, as one court held, there is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them. *Lyons v. American Tobacco Co*., No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997). Plaintiff must provide some factual allegations of the grounds upon which the claims rest (*Twombly*, 127 S.Ct. at 1965 n.3), and her failure to assert material factual allegations against Gonzales is a hallmark of fraudulent joinder. *See, e.g. Results Mktg., Inc. v. Buffalo-Lake Erie Wireless Sys. Co.*, LLC, 2008 WL 209865, No. 3:CV-08-0382, *2 (M.D. Pa. May 16, 2008) (citing *Twombly* and finding no plausible basis for cause of action against non-diverse defendants); *Tippen v. Republic Fire & Casualty Ins. Co.,* 2007 WL 5219352, Nos. 06-07701, 06-8440, *2 (E.D. La. Nov. 28, 2007) (citing *Twombly* relating to standard of pleading and noting that in analyzing the propriety of removal, the court may pierce the pleadings); *Taylor w. Shelter Lincoln Mercury Ltd.*, 2007 WL 3244701, No. 2:07-CV-0097, *1-2 (W.D. La. Nov. 2, 2007) (citing *Twombly* and finding fraudulent joinder); *Pascale Serv. Corp. v. Int'l Truck and Engine Corp.*, 2007 WL 809677, Nos. 07-0247-S, *2-4 (D.R.I. Oct. 1, 2007) (citing *Twombly* and finding fraudulent joinder).

31. Plaintiff fails to allege any facts showing that Gonzales has any material involvement with the product at issue in this litigation. Moreover, the reality is that no set of facts will establish Gonzales's involvement with the creation, design, promotion or marketing of the product at issue outside of merely being a salesperson for Dynaric because Gonzales was not employed by Dynaric at the time the device was sold to RR Donnelly, and he has since had no involvement with selling,

maintaining, or otherwise interacting with the product at issue in this case. (*See Gonzales Decl., at ¶¶ 2-6*)

32. As such, no set of facts will ever establish Gonzales as a proper plaintiff – a reality that is clear on the face of the FAC, which is devoid of any factual allegations linking Gonzales to Plaintiff's claims or alleged injuries.

33. Specifically, Plaintiff does not allege that Gonzales designed, manufactured, or installed the device at issue. She also does not claim Gonzales specifically serviced, repaired, trained, or otherwise provided warnings to Plaintiff or her employer in using the subject device. Instead, the FAC simply lumps him in with generic allegations of what the "Defendants" allegedly did in designing, manufacturing, and selling the product at issue – allegations which are demonstrably false considering that Gonzales was not even employed with Dynaric at the time the product at issue was sold to Plaintiff's employer, nor has he had any interaction with the product at issue whatsoever. *See Gonzales Decl., ¶¶ 2-6*.

34. Thus, other than generally lumping Gonzales in with Schwede and Dynaric as Defendants for purposes of her pleading, nowhere in the FAC does Plaintiff identify any specific actions taken by Gonzales that would implicate him in the design, manufacture, construction, or assembly of the product at issue in this case. Indeed, the closest Plaintiffs come is to merely allege that Gonzales put the product into the stream of commerce by selling it.

35. However, under California law, only "manufacturers, retailers, and others in the marketing chain of a product are strictly liable in tort for personal injuries caused by a defective product." *Taylor v. Elliott Turbomachinery Co., Inc.*, 171 Cal. App. 4th 564, 575 (2009); *citing Peterson v. Superior Court*, 10 Cal. 4th 1185, 1188 (1995). The rules of products liability "focus responsibility for defects, whether negligently or nonnegligently caused, ***on the manufacturer of the completed product***." *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 478–479 (2001) (emphasis added). As the California Supreme Court explained three decades ago, the basis for

imposing liability on a particular defendant is that "he has marketed or distributed a defective product." *Taylor*, 171 Cal. App. 4th at 575; *citing Daly v. General Motors Corp.*, 20 Cal. 3d 725, 739 (1978).  Because Gonzales is not part of the chain for this particular product, he simply cannot be held liable under state law.

36.     Moreover, Courts that have analyzed similar allegations have rejected the notion that a manufacturer's salesperson is a proper defendant in a product liability action such that this person's presence prevents removal even where (unlike here) that sales representative may have sold the product at issue.  *See Altman*, 2009 WL 2590425 at *3 (holding that a manufacturer's sales representative "does not fit into the category of defendants that are held liable for products liability, rather he is simply a salesman in the employ of [the product manufacturer]" and finding said salesperson fraudulently joined) (citing *Soule v. GM Corp.*, 8 Cal. 4th 548, 560 (1994) and *Arriaga v. CitiCapital Commercial Corp.*, 167 Cal. App. 4th 1527, 1535 (2008)); *accord McCarty v. Johnson & Johnson*, 2010 WL 2629913, *5 (E.D. Cal. June 29, 2010) (a distributor is "a separate party who profit[s] from the sale" of the product and is thus "a separate source in the stream of commerce, and thus is properly named in a product liability claim and distinguishing *Altman* by noting that there, "the manufacturer was already named as a defendant. Consequently, little would have been gained in terms of product safety, maximizing protection to the injured plaintiff, and apportioning costs among the defendants, by naming an individual sales employee of the manufacturer.")

37.     Here, Plaintiff lumps Gonzales in with her two claims – one for strict products liability and the other for negligence.  But as *Altman* explains, "as a sales employee of the product manufacturer, the Court does not see how the policies underlying strict products liability (enhancing product safety, maximizing protection to the injured plaintiff, and apportioning costs among the defendants) would be furthered by applying the doctrine to [the manufacturer's salesperson]." *Altman*, 2009 WL 2590425 at *3 (further noting that the plaintiff "has presented no California cases

that have held a manufacturer's salesman liable under a strict products liability theory.")

38. More importantly, Plaintiff has failed to allege any facts or provide any legal authority in her complaint establishing what Gonzales's legal duty as a salesperson would be to her in a product liability action, let alone that he breached that duty or caused her any damage.

39. The lack of any material factual allegations beyond establishing Gonzales's California citizenship and the complete lack of a cognizable cause of action against him compels the conclusion that Plaintiff fraudulently joined him in an attempt to defeat diversity jurisdiction. *See, e.g., Lyons,* 1997 WL 809677, at *5.

40. Simply lumping Gonzales in with Dynaric and Schwede fails to state facts sufficient to find any basis for their participation in this case. *See, e.g.*, *Brown,* 17 F. Supp. 2d at 1137; *Lyons,* 1997 WL 809677 at *5. And, as other courts have held, Plaintiffs cannot cure this deficiency by simply relying on allegations directed generally toward "Defendants" alone. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 2002 WL 34418423 at *4-5 (W.D. Wash. Nov. 27, 2002) (allegations directed toward "defendants" or "all defendants" insufficient). Such general and conclusory allegations cannot be used to thwart removal. *Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 n. * (10th Cir. 1983) ("the joinder of a resident defendant against whom no cause of action is pleaded, or against whom there is no cause of action, will not defeat removal"); *Anderson v. Ford Motor Co.*, 303 F. Supp. 2d 1253, 1258 (W.D. Okla. 2004) ("federal courts must vigilantly protect a defendant's right to proceed in federal court against abuses and manipulations by the plaintiff," thus a defendant's right to remove cannot be defeated by the fraudulent joinder of a resident defendant).

41. Given Plaintiffs' conclusory allegations and the fact that the evidence shows Gonzales has not involvement with the product at issue in this litigations, it is evident that Gonzales has been fraudulently joined in this action. Where a non-

DEFENDANT SMB SCHWEDE MASCHINEBAU GMBH'S
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(b)

diverse defendant has been fraudulently joined, its presence does not preclude removal. *United Computer Systems, Inc.*, 298 F.3d at 762; *Simpson*, 282 F. Supp. 2d at 1155. As such, Gonzales's inclusion in this lawsuit should be disregarded for purposes of diversity.

### III. CONCLUSION

42. Gonzales therefore has been fraudulently joined because he has no involvement of any kind with the product at issue in this case. As such, Plaintiff fails to allege – and, indeed, will never be able to show – that Gonzales was or is involved in any way with the product at issue in this case such that his presence in this lawsuit is valid under any legal theory or cause of action.

43. For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

44. **WHEREFORE**, Schwede prays that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

Dated: October 10, 2014         REED SMITH LLP

By  /s/ Nabil A. Bisharat
Terry B. Bates
Nabil A. Bisharat
*Attorneys for Defendant*
*SMB SCHWEDE MASCHINEBAU GmbH*